CASE 69.—ACTION BY JOHN K. COLEMAN'S ADMINISTRA-
TOR AGAINST THE PITTSBURG, CINCINNATI,
CHICAGO & ST. LOUIS RY. CO.—May 23, 1901.

# Coleman's Admr. v. Pittsburg, C., C. & St. L. R'y Co.

Appeal from Jefferson Circuit Court (Common Pleas Division).

Judgment for defendant, and plaintiff appeals.— Affirmed.

Railroads—Contributory Negligence—Instructions.—This was an action prosecuted against appellee for damages alleged to have been caused by negligence in backing its freight train over a watchman at a crossing in the city of Louisville and killing him. It being alleged that the negligence consisted in the failure of appellee to provide a brakeman on the rear of the train to prevent injury to the watchman. Held—That the watchman was guilty of contributory negligence in failing to avoid the approach of the train, as it was his duty to look out for the approach of trains, and the company owed him no duty to place a brakeman on the train to prevent injuring him. An instruction authorizing the jury to award damages only in the event they believed that appellee was guilty of gross negligence was not prejudicial as a peremptory instruction to find for defendant should have been given.

JOHN I. CALLOWAY and JOHN C. MILLER for appellant.

CHARLES H. GIBSON for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The decedent, John K. Coleman, was employed by appellee as a crossing flagman on Rowan street between 14th and 15th streets in Louisville. On the

10th of May, 1895, he was killed by one of appellee's freight trains striking him at the crossing at which he was employed. There were a number of tracks, half dozen or more, crossing Rowan street at this point, and it was the duty of the decedent to notice all approaching trains and to give warning to those traveling the street at that point to prevent accidents. It was a primary requirement of decedent's service, that he should be in such necessary position as to enable him to see each and every train approaching that crossing upon any of the tracks of appellee, and thereupon to give notice by proper signal to such persons as might be then attempting to use the street at that point. At the time of decedent's death he had just signalled to the driver of a wagon that a train was approaching the crossing. This train was probably the one that struck the decedent. It was a locomotive coupled on to eight or ten cars and which was backing across Rowan street south to couple on to other cars at that point. The rear brakeman had crossed the street, and gone on south (evidently to prepare for the coupling), the street running practically east and west. The front brakeman was on the opposite side of the train to decedent and toward the front. The conductor was making a coupling between two of the cars and therefore out of sight at the time of the accident. By reason of a curve and obstruction of buildings the fireman's position was out of sight of the place of accident, and the engineer was on the opposite side. It is complained for appellant, that the negligence in this case was the absence of some one on the rear of the train to give warning to decedent of its approach, and his consequent danger. The train is shown to have been moving cautiously and slowly,

and it was not suggested that there was any absence
of the usual signals, the ringing of bell.  The sole
question of negligence, as we gather it, is that of the
absence of a brakeman or some person on the rear
of the backing train at the time of the injury.  It
may be accepted without argument that a railroad
company owes a different duty to its servants engaged
in operating its trains from that it owes to its pas-
sengers or the public.  That the absence of some one
at the rear of the train at the point of crossing to give
warning of the train's approach so as to prevent in-
jury to those using the street at that point would
have been negligence so far as the public was affect-
ed, cannot be questioned.  But this is precisely what
appellee had provided for in placing the decedent at
that point.  It could not be said to have been neg-
ligence in appellee to have failed to have a brakeman
or other servant on the rear of the train at the cross-
ing, when it had another there whose special and sole
duty it was to observe the approach of trains and of
pedestrians and vehicles so as to give timely and ad-
equate warning of the danger.  No witness is shown
to have seen the train strike the decedent, but he was
seen a moment before he was struck when he was in
the act of flagging the wagon above referred to, and
was seen a moment afterward as he had fallen beside
or rather beneath the car.  The nature of his wound
showed that he was struck on the right side toward
the front evidently by the sharp end of a beam of one
of the rear freight cars, tearing open his body and
producing instant death.  He evidently was not stand-
ing between the rails of the track, but was standing
too near to it.  There is shown to have been ample
room between the tracks for decedent to have per-
formed his services in safety to himself.  It was his

duty to watch for trains and to keep himself out of unnecessary danger. It is difficult to imagine how decedent could possibly have been struck by the train unless he was neglecting one of these duties, for if he failed to note the approach of the train it was a neglect of his duty, and such a one that had it resulted in the injury to a stranger, would unquestionably have made his master, the appellee, liable. Or, did he know of the train's approach and from his experience and the nature of his employment knew the danger of standing too close to the track and yet did so, the calamity of his death would be due solely to his own carelessness. A servant of a steam railroad company who is charged with an important and particular duty to his master and to the public will not be allowed to profit by any neglect of that duty. Not only the fairest principles of justice between men would prevent it, but also public policy forbids that a premium should be placed by the law upon the neglect of such a duty, and such would be done did the courts allow a recovery by the servant from the master for the former's injury which could not have resulted save from his neglect of such duty. Those in charge of the train had the right to presume that decedent was in the discharge of his duty at the point of the crossing and that therefore he was noting the train's approach and doing all that was necessary to relieve the master from liability on that account. The master was under no obligation to give the flagman special notice of that which it was already his duty to know, or to provide a brakeman or other servant for the rear of the car to warn him to take notice of that which it was his primary duty to observe. From a careful inspection of this record we are unable to see wherein any negligence from appellee to-

ward the decedent is proven. Therefore the court should have given to the jury the peremptory instruction asked for at the close of the plaintiff's testimony. Instead of giving the peremptory instruction the court proceeded with the trial, defendant's evidence in no wise showing negligence upon the part of its servants toward the deceased, and at the close of the evidence defendant again moved for the peremptory instruction which was overruled. It should have been given.

The court instructed the jury to find for appellant only in the event that appellee's servants in control of the train were guilty of gross negligence on the occasion of the injury sued for, and though this was error yet as we have arrived at the conclusion that the peremptory instruction should have been given when first asked for, appellant was not prejudiced by the character of the instructions given to the jury which were more favorable than she was entitled to.

The verdict of the jury finding for the defendant and the judgment of the court thereon are therefore affirmed.

The whole court sitting.