CASE 3—ACTION BY WALTER EARLY'S ADMINISTRATOR AGAINST LOUIS-
VILLE, H. & ST. L. RY. CO. TO RECOVER FOR THE DEATH OF PLAIN-
TIFF'S INTESTATE.—MARCH 3.

# Early's Admr. v. Louisville, H. & St. L. Ry. Co.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

RAILROADS—NEGLIGENCE—ACCIDENTAL    KILLING— PRESUMPTION— RES
GESTAE—PEREMPTORY INSTRUCTION.

Held:  1. In an action for the death of one killed by being run
over by a railroad train, testimony as to what one of the train-
men said about the accident when the train stopped after run-
ning over deceased, was not admissible as a part of the res
gestae; it having been made too long after the accident.

2. Evidence can not be complained of by plaintiff on appeal where
it was brought out by his counsel on examination in chief.

3. Where one was killed by being run over by a railroad train at a
private crossing, and there was an unobstructed view of the
track for a mile in the direction from which the train came,
and it did not appear that it was customary for signals to be
given when approaching such crossing, failure to give a sig-
nal for the same was not negligence.

4. Where, in an action for the death of one run over by a train
at a private crossing, the evidence did not show whether de-
ceased was walking on the track, or attempting to cross it, or
lying on it, and there was an unobstructed view for a mile
in the direction from whence the train came, it was not error to
direct a verdict for defendant.

W. P. McCLAIN AND CLAY & CLAY FOR APPELLANT.

## QUESTIONS AND AUTHORITIES.

1. Duty of engineer and those in charge of a train when an
object is seen on or near the track, which may be a human be-
ing.  II. Thompson on Negligence, section 1740.

2. In view of the fact that a small object could be seen and iden-
tified seven hundred and fifty yards distant, it was a question
for the jury to determine whether or not the statements of the
train crew, that they thought an object seen was a piece of

paper, and could not stop the train when they learned it was a man, were true. Becker v. Louisville & Nashville R. R. Co., 61 S. W. R., 997.

3. In approaching places along the line of a railroad, where people may be expected upon the track and have the right to be there, such as a neighborhood road used by the public generally, and kept in repair by the railroad company, it is the duty of those in charge of a train to keep a lookout, ascertain if the track is unobstructed, sound the alarm and avoid inflicting the injury if it can be done with due regard to the safety of those on the train, and their failure to do this is negligence. Hammil v. L. & N. R. R. Co., 14 Ky. Law Rep., 292; L. & N. R. R. Co. v. Schuster, 10 Ky. Law Rep., 65; Paducah, etc., Ry. Co. v. Hoehl, 12 Bush, 50; Connell v. Ches. & Ohio R. R. Co., 58 S. W. R., 374; Cahill v. Cincinnati, etc., R. R. Co, 92 Ky., 345; II. Thompson on Negligence, sec. 1562; Beach on Cont. Negligence, sec. 212; 3 Elliott on Railroads, sec. 1252.

4. It is never presumed that a man killed on a railroad at a place where he had the right to be, recklessly or carelessly imperils his own life. Cahill v. Cincinnati, etc., R. R. Co., 92 Ky., 345; Louisville, etc., R. R. Co. v. Goetz, 79 Ky., 442.

5. Even if plaintiff was guilty of negligence, considering the long distance the deceased could have been seen, the question should have been submitted whether those in charge of the train did, or could, by reasonable diligence, have discovered the danger in time to prevent it. Cahill v. Cincinnati, etc., Ry. Co., 92 Ky., 345.

JAMES M. YEAMAN, YEAMAN & YEAMAN, AND CHAPEZE WATHEN, ATTORNEYS FOR APPELLEE.

We do not think the statements of the train men under the circumstances as detailed by John Patry, was a part of the res gestae. But if it was, and if the evidence was competent, then the appellant must stand by it. It is the plaintiff's own evidence, by which it is proven that as soon as the man was discovered on the track everything was done that could have been done to avoid striking him.

Here is a man walking either along the track, or attempting to cross the track. It is out in the country, where the road runs through woods and cleared land. At the point where he was struck he could, when standing on the track, or within forty or fifty feet of it, see up the track, towards Reed's Station, whence the train was coming, for at least one mile. Some of the plaintiff's witnesses say they heard the rumbling of the train, saw the smoke and heard it whistle when it was several

hundred yards from the crossing. Early was either walking
in the same direction the train was coming and was overtaken
by it, or was walking towards the train and they met, or he
was attempting to cross the track immediately in front of the
train and was struck, or he was lying down on the track. The
evidence does not disclose which state of case existed, except
as the plaintiff brings out from the witness, Patry—the state-
ment of the conductor. If Early was attempting to cross the
track and stepped in front of the train he took his life in his
hands, and the plea of contributory negligence must prevail. If
he was walking on the track and was either overtaken by the
train, or met by the train, or was lying down on the track, he
was a trespasser, and the defendant was not liable unless those
in charge of the train discovered his peril in time to avoid
injuring him. Of that there is not a syllable of proof except
what the plaintiff introduces over the defendant's objection,
and that establishes the fact that when he was discovered on
the track they were too close to him to stop the train or to
avoid injuring him.

As stated, all negligence upon the part of the defendant is
denied and contributory negligence is pleaded. There is no pre-
sumption of negligence against the defendant, any more than
there is a presumption of contributory negligence upon the part
of the plaintiff. The burden was upon the plaintiff to show
negligence upon the part of the defendant. The proof, we sub-
mit, wholly fails to establish any such fact, but taking all of
the plaintiff's evidence, it does establish the fact, either, (1),
that he was overtaken by, or met by, the train at a point where
he could see the train for at least a mile. The defendant had
the right to presume that he would exercise his senses and get
out of the way of the train. (2) Or, as stated, he stepped in
front of the train in order to cross the track. (3) Or was lying
down on the track. In either case there is no proof that the
defendant neglected any duty it owed to him, but that his death
was the result of his own reckless lack of care for his own safety.

### AUTHORITIES.

Negligence upon the part of the defendant will not be pre-
sumed. It is as reasonable to presume contributory negligence
upon the part of the deceased as it is to presume actionable negli-
gence upon the part of the defendant. Hughes v. Cincinnati,
&c., Ry. Co., 91 Ky., 526, 16 S. W., 275; Wintuska v. L. & N.
R. R. Co. (Dec. 17, 1892), 14 Ky. Law Rep., 579, 20 S. W.,
819; L. & N. R. R. Co. v. Vittitoe's Admr. (June 18, 1897),
19 Ky. Law Rep., 612, 41 S. W., 269; L. & N. R. R. Co. v.

Humphrey's Admr. (April 21, 1898), 20 Ky. Law Rep., 642, 45 S. W., 503; L., St. L. & T. R. R. Co. v. Terry's Admr., (October 25, 1898), 47 S. W., 588, 20 Ky. Law Rep., 803; Louisville Gas Co. v. Kaufman, &c. (December 13, 1898), 20 Ky. Law Rep., 1069, 48 S. W., 434; L. & N. R. R. Co. v. Wathen (January 28, 1899), — Ky. Law Rep., 49 S. W., 185.

The crossing at or near which Early was killed was not such a crossing as made it incumbent upon defendant to signal the approach of the train. To constitute a public crossing within the meaning of the rule requiring trains to signal upon approaching the road must have been established as a public road in a manner prescribed by the statute or must have been dedicated to the public and that the dedication accepted by the county court upon its records, or by the continued use and recognition of the ground as a public highway for such a length of time as would imply an acceptance. Railroad Company v. Survant, 96 Ky., 197.

The crossing in question was a mere path in a field. The train had whistled for the public crossing a short distance above this path.

The defendant is not liable to trespassers except for a failure to use what means are in its power to avoid injury after the peril is discovered. It is not under obligation to be on the lookout for trespassers. Railroad v. Howard, 82 Ky., 212; Railroad Co. v. Gastineau, 83 Ky., 119; Shackelford v. Railroad Co., 84 Ky., 43; Railroad Co. v. Coleman, 86 Ky., 556; Johnson v. Railroad Co., 91 Ky., 651; McDermont v. Railroad Co., 93 Ky., 408.

## RES GESTAE.

Declarations made by the engineer five or ten minutes after the accident were not so nearly contemporaneous with the act as to make them admissible as part of the res gestae. Railroad Company v. Fox, 10 Ky. Law Rep., 399.

## APPELLANT'S AUTHORITIES.

Becker v. L. & N., 61 S. W., 997.

In that case five children were on the trestle or bridge, the oldest was fifteen, the youngest eight or nine years old. They could be seen by the engineer nine hundred and sixty-two feet before reaching the trestle. In that case this court says: "If they had simply been on the railroad track in the open country it might be said that the defendant had a right to presume that they would step off the track and get out of the way of the train, but if a party, having started to cross a bridge of as much length as the one under consideration, had no means of escaping except to reach the termination of the bridge, common

humanity demands, even if a trespasser, he should not be wantonly run over, but should have a reasonable chance to cross the bridge in safety." The court then quotes from Shearman & Redfield on Negligence, section 483, as follows: "In general, an engineer has the right to assume that a person walking upon the track is free to act, and is in possession of all ordinary faculties and will therefore act with ordinary prudence."

As said in the Hoel Case, 12 Bush, 48: "No rule of negligence can be laid down that will apply to all cases." Each case, in great part, stands upon its own merits. In this case there was no question of negligence that the court could submit to the jury. Taking the plaintiff's own evidence as a whole, or taking testimony of any one witness by itself, there was no theory, or hypothesis, or presumable state of case, upon which the court could have predicated an instruction that would have authorized a verdict for the plaintiff. There was absolutely nothing for the court to do but to direct the jury to return a verdict for the defendant. And, we will add, that all the facts disclosed by the diagram, on the blackboard which is not made a part of the bill of exceptions, must be assumed to have justified the instruction of the court.

An affirmance is asked.

Opinion of the court by JUDGE SETTLE—Affirming.

This action was instituted in the Henderson circuit court by the appellant, Farmers' Bank & Trust Company, as the administrator of Walter Early's estate, to recover damages for the alleged negligent killing of the deceased by the servants and employes of appellee in charge of one of its freight trains. The answer denies the negligence complained of, and, for further defense, avers that the death of appellant's decedent was caused by his own negligence, which is denied by the reply. The trial resulted in a verdict for appellee by reason of a peremptory instruction given by the lower court at the conclusion of appellant's evidence, and, a new trial having been refused the appellant, it asks this court to declare that the giving of the peremptory instruction by the lower court was improper, and also that that court erred in overruling the motion for a new trial.

The record shows that the only ground relied on for a new trial is the alleged error of the lower court in giving the jury the peremptory instruction to find for appellee. It is patent, therefore, that the question of whether the peremptory instruction was or not proper must be determined from the evidence introduced by appellant on the trial. Our examination of the record leads us to the conclusion that the following facts are to be regarded as satisfactorily established by the evidence, viz.: First. That appellant's decedent was killed on the afternoon of May 9, 1901, by appellee's west-bound freight train, at or near a private crossing one mile from Reed's station, and at a point about 330 yards south of a public crossing. Second. That at the point where he was struck, he could, if on the track, or within 40 or 50 feet of it, see up the track towards Reed's station, whence the train was coming, a distance of at least a mile. Some of the witnesses not in view of the train itself say they saw the smoke from it, heard distinctly the noise it was making in running, and heard it whistle for, or before reaching, the public crossing, which was 330 yards from the point where the deceased was killed. Third. That the crossing at or near which he was killed was a private crossing; that is, one made where a road from the adjoining field crossed the railroad track. The evidence does not disclose whether the deceased, at the time he was killed, was walking on the track, or attempting to cross it in front of the train, or lying with his body on the track. No eyewitness was introduced to testify as to the manner of his death, unless the statements of one or more of the trainmen, made to the witness Patry, and detailed by him on the trial, are to be considered as competent evidence. Patry testified that when the train stopped, after running over Early, one of the trainmen called him to the place of the accident to see the

remains of the dead man; and when he got there he was, in substance, told by the conductor in charge of the train that the man killed was lying on the track about three feet east of the crossing when run over by the train, and that they first saw something white on the track, which looked like a piece of paper, and, when they discovered that it was a man, they were too close with the train to stop it before striking him. We do not think these statements competent, and they should have been excluded by the lower court upon the objection made by counsel for appellee, as they appear to have been made too long after the accident to be considered a part of the res gestae; but they were admitted by that court, and were probably considered as evidence on the motion for a peremptory instruction, of which appellant can not complain, as the statements were brought out by its counsel on the examination in chief, and thereby became part of its evidence. So, if the statements of the conductor are to be relied on, they not only exonerate appellee from the charge of negligence, but show that the deceased was guilty of contributory negligence. If this view of the case is not to be accepted, the manner in which the deceased met his death is wholly a matter of conjecture. But whether he was walking on the track, lying thereon, or attempting to cross it in front of the train, as there was nothing to obstruct the view from where he was for the distance of a mile in the direction of the approaching train, it is as reasonable to suppose that he saw it, heard the noise of its running, and heard it whistle for the public crossing (which was 330 yards away), all in time to have enabled him to get out of its way, as it would be to suppose that those in charge of the train saw him and realized his peril in time to have avoided killing him by stopping the train before it struck him.

As already stated, the crossing at or near which the deceased was killed was a private or farm crossing, and this court has held that the usual signals are not required of a train in approaching such a crossing. But where a private crossing is maintained by the railroad company, for the benefit of a landowner, in consideration of the grant of a right of way through his lands, and it is at a point where the view of the track is obstructed—it being a custom of the trains to give warning of their approach to the crossing—it has been held by this court that one injured by a train at such a crossing may recover therefor, when no signal was given of its approach, upon the ground that the failure to give such signal constitutes negligence. L. &. N. R. R. Co. v. Bodine (23 R., 147), 59 S. W., 740; Johnson's Adm'r v. L. &. N. R. R. Co., 91 Ky., 651, 25 S. W., 754. In Cahill v. Cincinnati, etc., Railroad Co., 92 Ky., 345 (13 R., 714), 18 S. W., 2. the company was held liable for injury inflicted by one of its trains at a private crossing, but it was because of failure of those in charge of the train to signal its approach to a public crossing a short distance from the private crossing; it appearing that it was customary for these signals to be given for the public crossing, and that they were relied upon by persons using the private crossing. The doctrine here announced was reaffirmed in L. & N. R. R. Co. v. Survant (19 R., 1576), 44 S. W., 88. The facts of the case at bar do not authorize a recovery as in the cases supra. Here the crossing is in a field, and from it a clear and unobstructed view is to be had of the railroad track for at least a mile in the direction of Reed's station; and, though one or two witnesses testified that they had known trains to sound the whistle in approaching the crossing, it does not appear that such signals were customary,

Early's Admr. v. Louisville, H. & St. L. Ry. Co.

or that they were not given at the time of Early's death for the public crossing, instead of the private one.

There is no presumption of negligence against the appellee, any more than there is a presumption of contributory negligence on the part of the deceased. It was incumbent on the appellant to prove negligence on the part of appellee's servants in charge of the train, or facts from which such negligence could properly be inferred. Hughes v. Cincinnati, etc., Railroad Co., 91 Ky., 526 (13 R., 72), 16 S. W., 275; Wintuska's Adm'r v. L. & N. R. R. Co. (14 R., 579) 20 S. W., 819; L. & N. R. R. Co. v. Vittitoe's Adm'r (19 R., 612) 41 S. W., 269; Morris' Adm'r v. L. & N. R. R. Co. (22 R., 1593) 61 S. W., 41. The only duty appellee's servants in charge of the train owed the deceased was to use reasonable care to prevent injuring him after discovering his presence on the track, and a careful examination of the record convinces us that there was no evidence adduced on the trial that tended to prove the want or absence of such care.

We do not attribute to the tests made by some of the witnesses, as to the distances from which certain objects placed by them on the railroad track at the point of the accident could be seen, the importance attached to them by counsel for appellant, for we know that objects to which the attention is called in advance can more readily be seen and identified by a person stationed on the ground at a given distance than by one on a rapidly moving train, however keen his vision, or constant his outlook on the track ahead of the train. But these tests do not of themselves, or in connection with the remainder of the evidence, supply the facts from which negligence on the part of appellee may be inferred; and being of the opinion that the lower court did not err in giving the peremptory instruction, nor in refusing the appellant a new trial, the judgment is affirmed.