Vol. 134.]   SEPTEMBER TERM, 1909.        543

Creager's Admr. v. Ill. Cent. Ry Co.

CASE 66.—ACTION BY D. B. CREAGER'S ADMINISTRATOR
        AGAINST THE ILLINOIS CENTRAL RAILROAD
        COMPANY AND ANOTHER FOR PERSONAL IN-
        JURIES CAUSING THE DEATH OF PLAINTIFF'S
        INTESTATE.—Sept. 28, 1909.

## Creager's Admr. v. Ill. Cent. Ry: Co.

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From a judgment for defendants upon a directed
verdict plaintiff appeals.—Affirmed.

1.  Railroads—Operation—Injury to Trespasser.—Train employes
    were not bound to maintain a lookout for a trespasser upon
    the track and owed him no duty until he was discovered, but,
    if his peril was discovered before he was struck, they were
    bound to exercise ordinary care to use all reasonable means
    to prevent striking him.
2.  Negligence—Presumption.—Negligence is not presumed, but
    must be directly proved, or the facts shown from which it
    may be reasonably inferred.
3.  Railroads—Injury to Trespasser—Action—Sufficiency of Evi-
    dence—Discovery of Peril.—In an action for the death of a
    trespasser by being struck on defendant's tracks, evidence
    held not to show that the train employes discovered intes-
    tate's peril in time to prevent his death by exercising ordi-
    nary care, so that a verdict was properly directed for defen-
    dant.

ROBERT HARDISON, Jr., for appellant.

A. JONES of counsel.

### POINTS CONTENDED FOR.

Those operating the train could, by the exercise of ordinary
care, have saved decedent after becoming apprised of his peril.

AUTHORITIES CITED.

Becker v. L. & N. R. R. Co., 110 Ky. 477; L. & N. R. R. Co. v. Bell, 108 S. W. 355.

TRABUE, DOOLAN & COX and TAYLOR & EAVES for appellees.

BLEWETT LEE and R. Y. THOMAS, Jr., of counsel.

POINTS AND AUTHORITIES.

The appellant's intestate was a trespasser and the appellees owed him no duty until his peril was discovered. Chesapeake & O. Ry. Co. v. Nipp's Adm'x, 100 S. W. 246; Nashville, C. & St. L. Ry. Co. v. Bean's Ex'r. 110 S. W. 328; Cumming's Adm'r v. I. C. R. R. Co., 110,S.W. 809; Adams' Adm'x v. Louisville & E. R. Co., 104 S. W. 363; I. C. R. R. Co. v. Tyson's Adm'x, 108 S. W. 863.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

One of appellee Illinois Central Railroad Company's fast passenger trains on March 16, 1907, ran against D. B. Creager in Muhlenberg county one and one-half miles south of Rockport, Ky., and so injured him as to immediately cause his death. The appellant, Charles Creager, as administrator of the decedent's estate, thereafter brought suit in the court below against the railroad company and Andy Fraley, engineer in charge of the train at the time of the accident, seeking to recover of it and him $15,000 damages for the mental and physical suffering of the intestate between the time of the infliction of the injuries and his death; it being alleged in the petition that the same were caused by the negligence of the appellee Illinois Central Railroad Company and its engineer, Fraley.

The separate answers of the appellees denied the negligence charged in the petition, alleged that ap-

lant's intestate was a trespasser upon the railroad track at the time of the accident, that his presence thereon was not discovered by those in charge of the train in time to have prevented his injuries, and that the injuries and death of the intestate were caused solely by his own negligence. The affirmative matter of the answer was controverted by the reply. On the trial the circuit court, deeming the appellant's evidence insufficient to authorize a recovery, peremptorily instructed the jury to find for appellee, which was done and judgment entered accordingly.

It is insisted for appellant that this was error, on account of which and the refusal of the court to grant him a new trial he asks a reversal of the judgment. It is conceded that the intestate when injured was a trespasser upon appellee's railroad track, and, this being true, no duty rested upon appellee's servants in charge of the train to maintain a lookout for him, nor did they owe him any duty whatever until his presence on the track was actually discovered by them, but, if his peril was discovered by them before the train struck him, it was their duty, in the exercise of ordinary care, to use all reasonable means at their command to prevent the train from striking him. It is further conceded that the intestate's collision with the train occurred at or near the end of a trestle; that the train was several hours behind its regular time, and running at a rate of speed of not less than 60 miles an hour; and that it passed through a cut ending with a curve in the track and crossed a public road before striking the intestate. It is claimed by appellant, and some of his evidence tended to prove, that a person walking on the railroad at the point where the intestate was killed could have been

seen by the engineer or fireman of the train, if maintaining a lookout, a distance of 750 feet or 250 yards before reaching him. This may be true, and yet the fact would not authorize a recovery, in the absence of evidence conducing to prove that the engineer or fireman did see the intestate, and, after discovering his peril, might by the exercise or ordinary care have prevented the train from striking him.

The only eyewitness to the accident was Dr. Elliott, who, though several hundred yards distant, saw, as he thought, the intestate step from the track out of the way of the train just as it reached him, but did not see him before the train reached him. He, of course, learned immediately afterwards that the intestate did not escape the train at all, but was struck and killed by it. Whether the intestate had stepped upon the track just before he was killed, or had previously been walking or sitting upon it, does not appear from the evidence, and no witness testified that he was ever seen on the track or at all, by either the engineer or fireman, before the train struck him. It is, however, argued by counsel for appellant that the fact that the locomotive whistle was blown twice or more before the train struck the intestate, and the further fact that the view along the track, after the train left the cut was unobstructed for a distance of 750 feet before the train struck the intestate, afforded some evidence that they saw him on the track. Moreover, that there was some evidence from two expert trainmen that the train could have been stopped short of 750 feet, and that these facts or circumstances, however inconclusive, entitled the appellant to have his case go to the jury. Three or four witnesses testified that they heard the train whistle. Some said it gave two short blasts, others more; but a careful

analysis of the evidence will show that none of the witnesses could precisely locate the whereabouts of the train when the whistling was done. Whether it was to indicate the approach of the train to the cut, the sharp curve near the mouth of the cut, or as a signal for the public crossing, or trestle, or to stop the train after it struck the intestate, can not be told from the evidence.

Negligence is not to be presumed. It must be directly proved, or the facts established from which it may reasonably be inferred. In a case where the person injured and killed is a trespasser on the railroad company's track, the decisive question is, not whether those in charge of the train might have seen the trespasser by maintaining a proper lookout, but did they see him and know of his peril, and, if so, could they by the exercise of ordinary care have prevented injury to him? The doctrine applicable to the facts of the instant case is well expressed in an opinion of the court in the case of Nashville, C. & St. Ry. Co. v. Bean's Ex'or, 128 Ky. 758, 110 S. W. 328, 33 Ky. Law Rep. 303, as follows:

"Nor is there any direct testimony conducing to show when or where the deceased came upon the railroad track, or how long he had been walking on the track before he was struck, or when his peril was discovered by the persons in charge of the train, or that after actually discovering his peril they could, by the exercise of ordinary care, have stopped the train in time to avoid the injury to him. * * * The fact * * * that, if deceased had been walking on the track the engineer, if keeping a lookout, must have seen him in time to have stopped the train, if he exercised ordinary care, falls far short of showing when the peril of the deceased was actually discovered by

the trainmen, or that, in the exercise of ordinary care, by the use of all reasonable means at hand, they could have prevented striking him after his peril was so actually discovered. We can not supply the failure in the evidence for appellee to show the existence of these facts so indispensable to a recovery by assuming that, as the track was straight, the persons in charge of the engine must have discovered the peril of deceased in time to prevent injury to him by the exercise or ordinary care on their part. * * * And they were under no duty to discover it any sooner than they did, whenever that was. They may not have been keeping a lookout, or, if keeping one, may have concluded that the deceased, if he was either at the south or north end of the trestle, would get off the track in time to avoid being injured. In cases like this, where it is sought to recover for injury to a trespasser on the track, there must be some evidence conducing to show two things: First, when the persons in charge of the train actually discovered his peril; and, second, that after the discovery they could, by the exercise of ordinary care, with the use of all reasonable means at hand, prevent injury to him.''

The following additional authorities will demonstrate that the doctrine in question has repeatedly been approved by this court: C. & O. Ry. v. Nipp's Adm'r, 125 Ky. 49, 100 S. W. 246, 30 Ky. Law Rep. 1131; Cummings' Adm'r v. I. C. R. R. Co., 110 S. W. 809, 33 Ky. Law Rep. 584; Adams' Ex'x v. L. & E. R. R. Co., 104 S. W. 363, 31 Ky. Law Rep. 987; Early's Adm'r v. L. H. & St. L. Ry. Co., 115 Ky. 13, 72 S. W. 348, 24 Ky. Law Rep. 1807; Becker v. L. & N. R. R. Co., 110 Ky. 474, 61 S. W. 997, 22 Ky. Law Rep. 1893, 53 L. R. A. 267, 96 Am. St. Rep. 459, and L. & N. R. Co. v. Bell, 108 S. W. 335, 32 Ky. Law Rep. 1312,

the two cases relied on by appellant as sustaining his contention that his case should have been submitted to the jury, are readily differentiated upon the facts from the instant case and those supra.

In the Becker case it was made to appear that the engineer of the train was looking out of the cab window and at the bridge where Becker was killed for 960 feet before the bridge was reached by the engine, during the whole of which time Becker, in plain view, was trying to rescue his companion who had fallen between the ties of the bridge.   In the Bell case two witnesses saw the engineer of the train which caused the injuries to Miss Bell looking toward the trestle from which she jumped, a distance of 325 yards, before she did so; the young lady being in plain view of those on the engine all the while.   In addition, it was proved that the train was a light one, and that the alarm whistle was repeatedly blown before the train reached the trestle. The facts in these two cases were properly held to furnish  some  evidence that those in charge of the engines discovered the peril of the persons struck by the trains in time to have prevented, by the exercise of ordinary care, their injuries.   Therefore the  cases  were  submitted  to  the jury.

In the case at bar there was no evidence which conduced to prove that those in charge of the train discovered the peril of appellant's intestate in time by the exercise of  ordinary care to prevent his death. The trial court, therefore,  properly  instructed the jury to find for the appellees.

Wherefore the judgment is affirmed.

Petition for rehearing by appellant overruled.