## Kentucky Traction & Terminal Company v. Brawner, Administrator.

## Kentucky Traction & Terminal Company v. Polsgrove.

(Decided March 27, 1925.)

### Appeals from Franklin Circuit Court.

1. Railroads—Failure to Give Customary Signals for Crossing Negligence.—Railroad's failure to comply with custom to give reasonable and timely signals as its cars approach crossing is negligence to those using crossing with knowledge of such custom, whether crossing is public or private.

2. Railroads—Crossing Signals from Interurban Car Held for Jury.—In action for injuries to one person and death of another when struck on crossing by interurban car, whether signals were given as car approached crossing held for jury.

3. Railroads—Person Crossing Track Must Exercise Ordinary Care.—Person about to cross railroad tracks must exercise ordinary care, and cannot recover where failure to do so contributes to his injury, though railroad was negligent.

4. Railroads—Contributory Negligence Question for Jury.—It is usually for jury to determine whether, under all circumstances,

plaintiff failed to exercise ordinary care for his own safety when crossing railroad tracks, and thereby contributed to his injury.

5. Railroads—Contributory Negligence in Looking and Listening for Interurban Car Held for Jury.—Whether occupant of buggy was guilty of contributory negligence in listening and looking for interurban car in one direction only, while his companion looked in other direction, as he approached crossing, held for jury.

6. Trial—Question on which Reasonable Men Might Differ is for Jury.—Question on which reasonable men might differ is one of fact and for jury.

7. Railroads—Contributory Negligence in Failing to See Interurban Car Held for Jury.—In action for death of plaintiff's decedent when struck by interurban car on crossing, whether he was guilty of contributory negligence in failing to see car held for jury.

WALLACE MUIR and ELWOOD HAMILTON for appellant.

FRANKLIN, TALBOTT & CHAPMAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On the 10th of March, 1922, one of appellant's interurban cars struck a buggy in which Morgan Brawner and Dennis Polsgrove were riding. Brawner was killed and Polsgrove was injured. These separate actions to recover damages therefor were tried together, resulting in a judgment in the sum of $2,000.00 for Brawner's administrator, and $500.00 for Polsgrove.

The only ground relied upon for reversal is, that the court erred in refusing to direct a verdict for the defendant in each case. In support of this contention, it is urged: (1). That there was no evidence of negligence upon the part of the defendant, and (2) that Brawner and Polsgrove were each guilty of contributory negligence as matter of law.

It was contended for the plaintiffs that the crossing at which the accident happened was a public one, and for the defendant that it was a private crossing. We need not decide this question, however, since the defendant admitted it was its custom to give reasonable and timely signals as its cars approached this crossing, which is sufficient, under the decisions of this court, to render a failure so to do negligence to those using the crossing with knowledge of such custom, as were the plaintiffs. L. & N. R. Co. v. Bodine, 109 Ky. 509, 59 S. W. 740; Early's Admr. v. Lou., etc., R. R. Co., 115 Ky. 13, 72 S. W. 348; C. & O. Ry. Co. v. Young's Admr., 146 Ky. 317, 142 S.

W. 709; L. & I. R. Co. v. Cantrell, 175 Ky. 440, 194 S. W. 353.

Six or seven witnesses for plaintiffs testified that they did not hear any signals given as this car approached the crossing, although they were in position to have heard them if any had been given, and two of these witnesses testified that they were watching the car as it approached the crossing, and that it did not give any signals of any kind. About an equal number of witnesses for the defendant, most of whom were in the car, testified that signals were given. Under such circumstances, we uniformly have held that the question was for the jury. Hutchison v. L. & N. R. Co., 21 Ky. L. R. 733; C. & O. Ry. Co. v. Dupree's Admr., 23 Ky. L. R. 2349; L. & N. R. Co. v. Brown, 113 S. W. 465; C. & O. Ry. Co. v. Brashear's Admr., 124 S. W. 277; I. C. R. R. Co. v. Beeler, 142 Ky. 772, 135 S. W. 305; L. & N. R. R. Co. v. Treanor's Admr., 179 Ky. 337, 200 S. W. 634.

It follows the first ground relied upon to support the motion made for a peremptory instruction cannot be sustained.

A person about to cross a railroad track must exercise ordinary care for his own safety, and if he fails to do so, and as a result thereof contributes to and helps to bring about his own injury, he cannot recover, even though the railroad company was negligent in failing to perform some duty imposed upon it, but it is also true that it is usually for the jury to determine whether, under all the facts and circumstances in a particular case plaintiff failed to exercise ordinary care for his own safety and thereby contributed to the injury.

It was raining, and nearly dark, at the time of the accident, the top of the buggy, with curtains on, was up, and plaintiff Polsgrove, who was driving, testified that as they approached the crossing, and when they were within 30 or 40 feet of it, he looked both ways; that he was driving very slowly, and that when they got pretty close to the track he leaned forward and looked along the track in one direction, and that Mr. Brawner leaned forward and looked along the track in the other direction; that he continued to do this until they were upon the track, when he discovered the car approaching from the direction in which Mr. Brawner had been looking, and within 10 or 20 feet of them; that he was also listening, that his hearing was good, and that he did not hear any signal from the car as it approached.

It is insisted that Polsgrove was guilty of contributory negligence as matter of law simply because he looked only in one direction, but to this we cannot agree. Whether or not, in listening and looking in one direction while his companion looked in the other direction as they approached the crossing he exercised such care as an ordinarily prudent person would have exercised under like circumstances, is clearly a question about which reasonable men might differ, and therefore one of fact for the jury.

Polsgrove's house is located 37 feet and Brawner's about 150 yards from the railroad track, and on the side from which the buggy approached it. They used the crossing daily, and knew of the custom of giving signals for it, as well as that it was about time for the car to pass. From the crossing, and for some nine or ten feet on the side from which the buggy approached it, the view is unobstructed, and the whole of an approaching car can be seen from the time it is within 290 feet of the crossing; and for 20 or 25 feet further back from the track, while the lower part of the car can not be seen because of a rock wall along the track, the top is visible, although the view is somewhat obscured by trees.

Because of these undisputed facts, it is insisted for appellant that Brawner could not have been keeping a lookout in that direction, as Polsgrove testified he was, without seeing the car as it approached, and that he either was not keeping such lookout or he saw the car approaching, and, misjudging its distance, thought they could get across the track, and that in either event he was guilty of such contributory negligence as to defeat a right of recovery for his death.

To this we are also unable to agree. The railroad track adjoins and parallels the Frankfort and Lexington turnpike for some distance as it approaches the crossing; it was about dark, and there was an automobile approaching the crossing at the same time, and almost abreast of the traction car; the headlights were burning on both; Brawner may have looked in that direction until within a few feet of the track, and still not have seen the car itself because of the glare from the headlights, and may have believed the lights he saw were from an automobile, or automobiles, on the pike, if, in fact, customary signals were not given by the traction car.

In this view of the evidence, the question of whether Brawner failed to exercise ordinary care depends largely

upon whether or not customary signals were given, upon which he had a right to rely in part at least, and the court did not err in refusing to hold, as matter of law, that he was guilty of contributory negligence.

Judgment affirmed.