LOUISVILLE & NASHVILLE R. Co. *v.* W. S. COOPER'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 3—624.]

**Negligence in Damage Suit Against a Railroad Company.**

In running its trains a railroad company is bound to a high degree of care in order to prevent the taking of human life, and this care must be exercised when the danger is apparent or when those

in charge of the train, as reasonable and prudent men, should be apprised of the danger; and when such persons see a full grown man on the tracks, walking leisurely, two or three hundred yards in advance of the train, and there is room on the side of the track for the person to step aside and avoid injury, those in charge have the right to believe that he will leave the track; and where the person is entirely deaf, but those in charge of the train have no knowledge of the fact, they are not required to exercise any more care than if he was not deaf.

### Failure of Injured Person to Exercise Care.

If it is shown, in a suit for damages against a railroad company on account of its train running over and killing a person, that the killing was intentional or the result of willful neglect, the failure by the deceased to exercise proper care will not excuse the company, but the facts upon which this knowledge of danger is brought home to the employes must be shown. The mere fact that they saw the deceased on the track in the absence of knowledge on their part that he was deaf, did not require that they should have stopped their train, for they had the right to assume that the deceased had all the faculties of hearing and would leave the track in time to avoid injury.

## APPEAL FROM MARION COURT OF COMMON PLEAS.

### February 28, 1882.

OPINION BY JUDGE PRYOR:

The appellee's intestate was run over and killed by a train of cars operated by the employes of the Louisville & Nashville R. Co. on its Knoxville division near St. Mary's Station in the county of Marion.   He was a deaf mute and when killed was walking on the track of the railroad in the same direction the train was going, and at a point in the road where there was no crossing and where the intestate had no right to the road or any part of it as an ordinary highway.   It seems that the deceased was from the state of Texas and at the time of the accident was on his way to visit some relatives in this state.

This action was instituted against the company, the representative of the deceased alleging that his intestate's death was caused by the negligence of those in charge of the train.  A verdict for $1,000 was rendered and judgment entered accordingly, of which the railroad company complains.

The only testimony in the case upon the issue made as to neg-

ligence was, whether the employes of the train, after seeing the intestate upon the track, by the exercise of proper care and diligence, could have avoided the injury. An instruction was given in behalf of the appellee to the effect that, if those in charge of the train saw the plaintiff's intestate in time, by the use of the means in their power, to have saved his life by checking up the train, or by blowing the whistle and ringing the bell, and the defendant's employes willfully failed to use such means to avoid the killing, they must find for the plaintiff.

There is conflicting testimony as to the time the alarm was given by the employes, the witnesses for the plaintiff saying they heard no alarm or warning until after the accident, while others who were passengers on the train say they heard the whistle, the ringing of the bell, and on looking out saw the deceased about fifty yards in advance of the train, and in fact saw him when struck. The train was running at the rate of twenty-five or thirty miles per hour and on a descending grade at the time of the accident.

The company is bound to a high degree of care in running its trains in order to prevent the taking of human life, and this care and caution must be exercised when the danger is apparent or when those in charge of the train, as reasonable and prudent men, should be apprised of the danger. In this case the deceased, so far as the company is concerned, must be regarded as in the full possession of all his senses, as there is an entire absence of any proof showing a knowledge by any of the employes of his unfortunate condition.

He was seen by the employes some two or three hundred yards in advance of the train, walking leisurely on its track, and being a full grown man and with ample room on each side of the track for him to avoid any injury from the approaching train, those in charge of the train had the right to believe that he would leave the track; and if he could have heard the approach of the train, no doubt he would have stepped off of the track and avoided all danger.

Neither the ringing of the bell nor the blowing of the whistle, or any other similar warning, would have apprised him of his dangers; yet the company, upon the facts of this particular case, not being aware of his condition, should have exercised the same degree of care that its employes are required to exercise with

reference to those who were capable of hearing or understanding the warning given. If aware of his condition it was their duty to stop the train at once. Those in charge of the train had the right to believe that the deaf man would exercise at least ordinary care and caution on his part, and if he failed to do this, his death was the cause of his own recklessness and imprudence, unless the employes knew or had, as ordinarily prudent men, reasons to believe that the injury would occur unless the train was checked.

If the killing was intentional or the result of willful neglect, the failure to exercise proper care by the deceased will not excuse; but the facts upon which this knowledge of danger is brought home to the employes must be made to appear. In the absence of such facts the deceased must be regarded as the author of his own misfortune. The mere fact that the deceased was seen upon the track is not sufficient to authorize the jury to say that the employes were guilty of willful neglect, or the court to instruct the jury that it was the duty of those in charge of the train, when they saw the deceased upon the track, to use the means within their power to prevent the injury. Such is not the law. If this had been a child upon the track the employes should have exercised greater care, because it was not reasonable to suppose that one of tender years would not be aware of the danger; but where the party injured is an adult, although deficient in hearing, he must be treated as one of ordinary intelligence, unless his misfortunes are known. There have been two verdicts in this case. The first verdict, under similar instructions, was for $250 and the present verdict for $1,000. The first verdict was set aside and a new trial granted, and the evidence and instructions on each trial have been considered. *Paducah & Memphis R. Co. v. Hoehl*, 12 Bush (Ky.) 41; Sherman & Redfield on Negligence (3d Ed.), § 51.

The judgment below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Rountree & Lisle, for appellant.*

*Russell & Avritt, for appellee.*