Johnson's Administrator v. Louisville and Nashville Railroad Co.

* CASE 117—PETITION ORDINARY—MAY 17, 1883.

# Johnson's Administrator v. Louisville and Nashville Railroad Company.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. IF ONE CONTRIBUTES TO PRODUCE THE INJURY OF WHICH HE COMPLAINS so that but for his concurring and co-operating fault the injury could not have happened, he can not recover, except when the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequence of such negligence.

2. WHERE AN ADULT PERSON STEPS UPON A RAILROAD TRACK IN FRONT OF AND IN FULL VIEW OF AN APPROACHING TRAIN, those in charge have the right to presume that his own consciousness of danger will cause him to leave it before the train reaches him; and in case the person is deaf, or otherwise deficient in his faculties, so as to render him unconscious of his impending danger, the knowledge of such infirmity must be brought home to those in charge of the train before the railroad company can be made liable.

3. THE FAILURE TO GIVE SIGNALS OF THE APPROACH OF A TRAIN TO THE CROSSING OF A PRIVATE WAY is not negligence, and if one steps upon the track at such a crossing without looking or listening, and is struck by a train, his injuries must be regarded as the result of his own negligence.

BOLAND & THURMAN, I. H. TRABUE FOR APPELLANT.

WM. LINDSAY, LYTTLETON COOKE FOR APPELLEE.

Record and briefs misplaced.

* This case was not ordered to be reported at the time the opinion was delivered, and is now reported pursuant to recent order of the court.

| 91 | 651 |
|---|---|
| 92 | 349 |
| 91 | 651 |
| 97 | 237 |
| 91 | 651 |
| 115 | 20 |
| 91 | 651 |
| 116 | 154 |
| h116 | 155 |
| 91 | 651 |
| 116 | 154 |
| h116 | 155 |
| 91 | 651 |
| 119 | 28 |
| 91 | 651 |
| f123 | 645 |
| 91 | 651 |
| f131 | 140 |
| 135 | 521 |

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action for damages brought against appellee, the Louisville and Nashville Railroad Company, by appellant, administrator of the estate of Henry Johnson, deceased, who, it is alleged in the petition, was, by the negligence of the agents and servants of appellee, struck and killed by a moving train of cars while he was crossing the railroad track.

Upon the conclusion of the evidence offered upon the trial by the plaintiff in the action, the court instructed the jury to find for the defendant, and the action of the court in giving that instruction is assigned as an error, and presents the only question upon this appeal.

From the uncontroverted statements in the pleadings and the evidence it appears that the railroad is crossed at the place where the killing occurred by a private passway leading from the residence of one Dr. Foss to a turnpike road on the opposite side of the railroad; that deceased, as the train approached, was going on foot from the residence of Foss, where he then lived, along the passway, which was inclosed on each side by a board fence, making a narrow lane, and, without pausing to either look up or down the track, or to listen for the train, he stepped upon the road, and was struck by the engine and killed. The only witness who saw the occurrence testified that she heard no signal given by those in charge of the train as it approached that crossing, either by ringing the bell or blowing the whistle, but that she heard the whistle, before the killing, at a place where a county road crosses the railroad about one-half mile from

there.   The witness also testifies that the train was running very fast, but whether faster than the usual rate of speed the evidence was not given with sufficient intelligence or clearness to enable us to determine.   Nor does it appear whether the deceased was seen, or could have been seen, by those in charge of the train before he emerged from the lane.   It is, however, manifest that if he had looked along the track, he might have seen the train approaching in time to have stopped and avoided the collision.   That he did not hear the train, as obviously he did not, was owing to the fact proved on the trial that his sense of hearing was defective, so much so that, in the language of one of the witnesses, "you had to halloo pretty loud to make him hear."

"If one contributes to produce the injury of which he complains, so that but for his concurring and co-operating fault the injury could not have happened, he can not recover at law or equity, except when the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequence of such negligence."   (Shearman & Redfield on Negligence, page 25.)

This rule has been adopted and approved by this court, and should be adhered to.   (Paducah & Memphis R. Co. v. Hoehl, 12 Bush, 41.)

That the act of decedent in stepping upon the track without using the necessary and usual precaution to pause in order to ascertain whether a train was approaching or not was the cause of his own death is manifest, and unless those in charge of the train were

aware of his premeditated intention to thus brave death, and could, by the exercise of proper care and diligence, have avoided the injury, the plaintiff has no right to recover.

When an adult person steps upon a railroad track in front of and in full view of an approaching train, those in charge have the right to presume that his own consciousness of danger will cause him to leave it before the train reaches him ; and in case the person is deaf, or otherwise deficient in his faculties so as to render him unconscious of the impending danger, the knowledge of such infirmity must be brought home to those in charge of the train before they or the railroad company can be made liable. (Louisville & Nashville Railroad Company v. Cooper's Adm'r, MS. Opinion, Feb. 28, 1882.)

There is nothing in this record to show that they did have such knowledge, and even if it was shown that the deceased was or could have been seen before he reached the track in time to have enabled those in charge to stop the train, they would not have been required to do so, having the right to presume that he would not heedlessly go upon the track in full view of the train. The duty and obligation on their part to endeavor to check the train arose only after he got on the track, when it was too late, and they were powerless to do so. The only question, therefore, about which there can be any contention is, whether or not it was the duty of those in charge of the train to give the usual signal. Generally, the failure on the part of those in charge of a railroad train, when approaching the crossing of a public road, to

give such signals as will apprise those at or near the place of its approach is regarded as negligence; but whether the usual signals are required when the train is approaching the crossing of a private way has not been heretofore directly decided by this court. There not being the same reason for requiring the giving of signals and slackening the speed of railroad trains when approaching a private way as exists in respect to a public road, and as to require it to be done 'at every private crossing or opposite every dwelling-house near the road would unnecessarily and seriously interfere with and impede the running of trains, we think it would be unreasonable to require it. In this case it is proved that it had not been, before the killing of Johnson, the practice of those in charge of the trains to give any signals at that place, and of that fact he must be presumed to have been aware.

In our opinion, therefore, upon the pleadings and evidence offered at the trial of this case, the court properly instructed the jury to find for the defendant, and the judgment must, therefore, be affirmed.

---

*CASE 118—PETITION EQUITY—NOVEMBER 12, 1881.