CASE 96.—ACTION BY MARTIN CONNIFF AGAINST THE
LOUISVILLE, HENDERSON & ST. LOUIS RY. CO.
FOR DAMAGES FOR PERSONAL INJURIES.—
February 27.

# Conniff v. Louisville, H. & St. L. Ry. Co.

Appeal from Jefferson Circuit Court; Common
Pleas Branch (Third Division).

MATT O'DOHERTY, Judge

Judgment for defendant. Plaintiff . appeals.
Affirmed.

1  Railroads—Killing Flagman at Street Crossing—Lookout Duty
—Care Required.—In an action against a railroad company to
recover damages for the killing by one of its trains of a flag-
man, stationed at a street crossing in a city, to warn persons
attempting to cross the street, of the approach of trains, the
court properly instructed the jury that it was the duty of
the employees in charge of the train if they saw deceased in
a place of peril from the approaching train, and apparently
unconscious of his danger, to exercise ordinary care by the
use of all means under their control to avoid injuring him,
and that if they failed to do so, and by reason of such failure
deceased was killed the law is for the plaintiff.
2.  Approaching Trains—Duty of Flagman.—It is the duty of a
flagman, who is stationed by a railroad company at a street
crossing in a city, to warn persons of the approach of trains,
to observe the approach of all trains and the company owes
him no lookout duty whatever or to give him warning of the
approach of its trains.
3.  Same—Additional Labor—Care of Switch Lights.—In an action
by the administrator of a deceased flagman of a railroad
company for damages for being killed by a train at a street
crossing, where he was employed to warn persons of approach-
ing trains, the fact that it was a part of his employment to
attend to the switch lights near the crossing, did not lessen

his duty to keep a lookout for all approaching trains, and the employees of the company on the train owed him no duty, unless they saw him in a place of peril, apparently unconscious of his danger, and if so it was then their duty to exercise ordinary care to avoid injuring him.

EDWARDS & OGDEN, attorneys for appellant.

HELM & HELM, attorneys for appellee.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming.

Martin Conniff was injured in November, 1904, by one of the trains of appellee at the intersection of Fourteenth and Delaware streets, in Louisville, Ky., and from the injuries thus received died several months afterwards. Previous to his death he instituted this action to recover damages for injuries received. After his death it was revived in the name of his administratrix, and upon a trial the jury returned a verdict in favor of appellee. The sole ground upon which a reversal is sought is the alleged error of the court in instructing the jury.

Conniff had been in the employ of the company as a flagman for some 15 years, and had been stationed at Fourteenth and Delaware streets about three years. His duties were to warn persons attempting to cross Fourteenth street of the approach of trains to the Delaware street crossing, and also to light each night and take away each morning switch lamps on a switch a few feet south of the crossing. The passenger train by which he was struck was backing north on Fourteenth street; the engine being attached to the south end of the train. Standing on the front platform of the passenger car was a switchman in the employ of the company, whose duty it was in approaching a crossing to sound an air whistle that

·could be heard several hundred feet away, and in cases demanding it to apply an emergency brake and bring the train to a sudden stop. The evidence shows that the train when it struck Conniff was going three or four miles an hour, and that Horn, the switchman, was at his place of duty on the platform, and sounded the whistle in the usual manner as he approached Delaware street. He testified that he saw Conniff when the train was about 150 feet distant take the lamp off of the stand, step to the side of the track, in a place of safety, and walk north towards the crossing a few feet away, and that just before he was struck by the steps of the passenger coach he left his place of safety by the side of the track, and walked close enough to the track to be struck. The court instructed the jury in substance that if the employes, or any of them, of appellee, in charge of the train, saw Conniff in a place of peril from the moving train, and apparently unconscious of his danger, it was their duty to exercise ordinary care by the use of all means under their control to avoid injuring him, and that if they failed to do so, and by reason of such failure Conniff sustained the injuries complained of, the law is for the plaintiff. Counsel for appellant asked the court to instruct the jury that it was the duty of those in charge of the train to exercise ordinary care to avoid injury to Conniff, and to keep a lookout and give the usual and customary signals of its approach to the crossing; and, if the persons in charge of the train failed to exercise ordinary care to avoid injuring Conniff, or to keep a lookout, or give reasonable warning of its approach to Delaware street, and by reason of this failure upon their part Conniff was · injured, they should find for the plaintiff.

The chief points of difference between the instructions given and the ones offered are that in the

instructions offered appellee was held to the same
degree of care that it owed to persons not in the
employ of the company rightfully on or crossing the
track, whilst in the ones given, the company was not
guilty of negligence unless the employes in charge of
its train saw Conniff in a place of peril apparently
unconscious of the danger, and, if so, it was their
duty to exercise ordinary care to avoid injury to him.
In Coleman v. Pittsburg, C. & O. Ry. Co., 63 S. W.,
39, 23 Ky. Law Rep., 401, Coleman, who was
a crossing flagman, was struck and killed by
a train at the crossing at which he was em-
ployed. The court held that the company did not
owe Coleman any lookout duty, and was under no
obligation to him to give warning of the approach of
its trains, as it was his duty to observe the approach
of all trains and to protect travelers at the crossing
from injury. Counsel for appellant concede that
under the authority of this case, if Conniff at the
time he received the injury was in the actual dis-
charge of his duties as a flagman watching the cross-
ing, the instruction given by the trial court would be
correct. They attempt, however, to distinguish this
case from that upon the ground that Conniff under
his employment performed two distinct duties, and
occupied two separate offices—that of flagman and
custodian of the target lamp—and that as he was
injured when attending to his duties connected with
the target lamps, and not his duties in connection with
watching the street, appellee owed him a different
and higher degree of care than it would be held to
if his sole duty was that of a flagman. Under the facts
of this case we cannot make the distinction drawn by
counsel. The duties of Conniff in connection with the
switch lamps and as flagman are so intimately con-
nected that they cannot be separated into two classes.

The switch lamp was only a few feet from the crossing, and in attending to it he did not neglect his duties as flagman, nor was he prevented from discharging them. In fact, in caring for the switch lamps, he was practically at the crossing, and we are unable to find any substantial difference between this and the Coleman case. It was as much the duty of Conniff to keep a lookout for trains approaching the crossing and give warning to travelers when he was arranging the switch targets as it was when he had finished this task, and was engaged in no other way than as flagman. Resting the case upon this ground, appellee did not owe Conniff any lookout duty, and was under no obligation to give him warning of the approach of its trains; in fact, owed him no duty, until, as the court said in the instruction, he was discovered to be in peril.

A different rule obtains as to employes working upon the tracks or bridges of a railroad, or engaged in other employment, that do not impose upon them the duty of looking out for the approach of trains. Thus in L. & N. R. R. Co. v. Lowe, 118 Ky., 260, 25 Ky. Law Rep., 2317, 80 S. W., 768, 65 L. R. A., 122, an assistant inspector of trains, who was struck while upon the tracks in the discharge of his duties by an engine that approached him in the rear without giving warning of its approach, was held entitled to recover damages; the court ruling that an instruction that if the jury believed from the evidence that he was on the track in the usual course of his employment, and that the agents in charge of the engine negligently failed to ring the bell, or give other signal of its approach, etc., was proper, quoting with approval Thompson on Negligence, and many other authorities. And so in Cason v. Cov. R. R. Co., 93 S. W., 19, 29 Ky. Law Rep., 352, it was held to be the duty of persons

768 KENTUCKY REPORTS. [Vol. 124.

in charge of trains to give warning of their approach to persons engaged in repairing the track.

But the rule announced in these cases cannot for the reasons stated be applied to the case before us, and the judgment of the lower court must be affirmed.