## Murray v. Southern Railway Co.

(Decided October 28, 1910.)

## Appeal from Bell Circuit Court.

Railroads—Crew Using Push Car—Injury to Trespasser on Track—
Failure to Stop Car—Liability.—Where a trespasser who was
deaf, was seen walking on a railroad track ahead of a push car
on which a railroad crew was conveying a load of rails at the
rate of four to six miles an hour, the crew was not required to
stop their car unless they had reason to believe that the man
was unconscious of his danger.

N. J. WELLER for appellant.

WM. LOW for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

George Murray on October 7, 1908, was walking along
the Southern Railway track from Fonde, Kentucky to
Pruden, Tennessee. A section crew of the railway com-
pany shortly afterwards started down the railway to-
ward Pruden. They had what is called a push car, which
is a truck six or eight feet long with four wheels, that
run on a railway track. The truck was loaded with old
ties and rails. Four or five of the section men were in
charge of the push car and the remainder of the section
crew were on the hand car some forty or fifty feet be-
hind it. When they got to a part of the track that was on a
slight grade, the push car moved by its own weight, and
the men got upon it. One of them had a hand stick which
was used as a brake. As they were going on in this way
and moving about four or six miles an hour, with the
hand car coming behind them, they approached two wo-
men walking on the track, and Murray who was some
twenty or forty feet ahead of the women. Some of the
men on the car began whistling, others tooting like a
train, and when the car got in a few feet of the women,
they stepped from the track. Murray was very deaf
and about the time they passed the women, the men on
the car perceived that he had not heard their signals.
The man with the hand stick used it as a brake to stop
the car, and another jumped off and aimed to run to
Murray to warn him. When the car was practically on
Murray, he turned around and grabbed some of the tim-

bers on the car with his hands, and was dragged along by the car until it was stopped. He was considerably bruised and one of his toes was injured. He brought this suit to recover for his injuries, and at the conclusion of the evidence for him which shows the facts above stated, the court instructed the jury peremptorily to find for the defendant. This the jury did and his petition having been dismissed, he appeals.

Murray was a trespasser upon the railroad track. The point at which he was injured was some distance from either station, and the railway men were not required to anticipate the presence of trespassers there. The cause of his being injured was his inability to hear the cries of the men on the push car. There would have been no trouble if his hearing had been good. While the men on the car knew him personally, none of them recognized him when approaching on the push car, as he had his back to them and so they had no reason to know of his danger until he failed to step from the track as the women did. The women did not step from the track until the car was in a few feet of them, and then it was too late to stop the car before it reached Murray. It has often been held that persons in charge of cars on a railroad track have a right to presume that a trespasser seen on the track will get out of the way, and that they are not required to stop the car unless they have reason to believe that he is unconscious of his danger. The evidence here fails to show that the men on the push car which was moving only from four to six miles an hour, had any reason to anticipate danger to Murray until his actions showed that he had not heard the signals which caused the two women walking behind him to leave the track; and it was then too late for the men on the push car to avoid injury to him.

Judgment affirmed.