## Louisville & Nashville Railroad Company v. Taylor's Administrator.

(Decided April 12, 1916.)

### Appeal from Gallatin Circuit Court.

Railroads—Crossing Track in Front of Train—Contributory Negligence.—One who undertakes to cross a railroad track in front of an approaching train which he sees or knows to be coming, is gulty of such contributory negligence as precludes a recovery if he is injured; his own conduct is the proximate cause of his injury whatever may have been the negligence of the defendant.

ROBERT B. BROWN and BENJAMIN D. WARFIELD for appellant.

BOTTS & PERRY for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

On May 17th, 1913, appellee's intestate, John C. Taylor, a man sixty-eight years of age, was struck at or near Sparta in Gallatin county by one of appellant's fast north bound passenger trains and killed.

In this action by his administrator for damages because of the alleged negligence of appellant which caused his death a verdict for the plaintiff for $2,000.00 was returned, upon which judgment was entered, and the company has appealed.

As we have concluded that the directed verdict asked for by appellant should have been given on the trial below it is unnecessary to consider any other question.

At the point of collision there were two railroad tracks running parallel with each other, the main track upon which the north bound train was running and a switch track; at that place the center of the switch track was thirteen feet from the center of the main track which left a space of something over seven feet between the east rail of the main track and the west rail of the switch track. Just before the accident the decedent was walking south between the two tracks, and nearer to the switch track, and the train was coming north, so that he was facing it. There was a curve south of the point of collision around which the north bound train came, and from the place where decedent was struck a train could be seen for a distance of five hundred and ninety-four feet as it came around that curve.

The decedent at the time was staying at the house of his son-in-law, which was only a short distance west of the main track, and there was a pathway leading off from the main track to this house. As he walked south in between the two tracks the main track was between him and the house of his son-in-law, to which place he was evidently bound.

The plaintiff on the trial did not introduce any witness who saw the train strike the decedent, but did introduce one witness who saw the decedent just before the accident walking south between the two tracks and whose evidence is entirely in harmony with the evidence of the only eye-witness to the collision subsequently introduced by the defendant.

The engineer who occupied a position in his cab on the outside of the curve did not see the decedent at all, but

the fireman who was maintaining a lookout from his side on the inside of the curve, being the only eye-witness to the collision, testified that after they came around the curve he saw the decedent walking south between the two tracks in a place of perfect safety and on the east side of the main track, but that for an instant his view was obstructed by the front of the engine and when he again saw the decedent he was on the west side of the main track right at the rail, and the train was right on him.

As before stated, the home of the decedent's son-in-law, at which he was then staying, was on the west side of the track, and it is perfectly apparent from the whole evidence and from the map on file that he saw the train as it came around the curve, he at the time facing the train and being between the two tracks in a place of safety, but concluded that he could cross the main track to his place of destination before the train reached there. There is no evidence in the record to show that his eyesight was bad or to show that his hearing was more defective than is usually the case with men of his age. He was facing the train, it was a bright clear day, and between ten and eleven o'clock in the morning, and there is no explanation of the collision upon any other theory than that he mistakenly assumed that he could cross the track safely in front of the approaching train.

The case of L. & N. R. R. Co. v. Trower's Admr., 134 Ky. 589, was where the decedent had been entrusted with a mail bag to be placed on a local train; instead of the local approaching as he thought a special train running at a high rate of speed was coming and he saw it and attempted to cross the track in front of it and was killed. The court, after an extensive review of the authorities, said:

"So long as we have the rule of law which makes contributory negligence a defense instead of measuring the results of the negligence of the defendant and that of the injured party, and fixing liability in proportion of one to the other, the rule must be applied that he whose negligence is the proximate cause of the injury is the one at fault in law and is the loser. Appellant's negligence in running its train too fast by the station was not the proximate cause of the intestate's death. His own negligence in going upon the track with knowledge of the defendant's negligence, or rashly or recklessly ignoring its negli-

gence and "taking chances," was the proximate cause of his injury; for, but for it, appellant's negligence would have been harmless as to him. In all the cases cited where the fact was undisputed that the injured party knew of the train's approach, and heedless of it, or miscalculating the results, went upon the tracks just in front of the train, a recovery was denied. From these authorities we gather the principle of law to be that it is such negligence for one to go upon the railroad track just in front of a rapidly approaching train, which he sees or knows to be then coming in, that for the injuries inflicted by it he cannot recover from the railroad company, not because it was free from negligence, but because his own negligence was the immediate and nearest cause of his injury."

In the case of L. & N. R. R. Co. v. Fentress's Admr. 166 Ky. 477, the decedent knew that the train was approaching and ran down the track toward the station so as to board it when it stopped; there were two tracks and he erroneously assumed that the train was approaching from the rear on the side track while he was on the main track. The court in that case referred to and approved the Trower's case, above quoted, and denied a recovery.

In this case, as in the two cases referred to, it is unnecessary to determine whether the company or its agents were guilty of negligence; the undisputed facts and all fair inferences deducible from them show unmistakably that the decedent with the knowledge of the train's approach placed himself in a place of danger, but for which the collision would not have occurred.

That class of cases in which one is suddenly placed in a dangerous position by the negligence of the defendant, and who is compelled to immediately choose between two methods of extricating himself from the danger, and chooses the wrong method and is injured when he would not have been if he had chosen the other, has no application. In this case the decedent was in a safe place between the two tracks and voluntarily placed himself in a dangerous position by attempting to cross the track in front of the approaching train.

The motion for a directed verdict should have been sustained, and the judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.