## O'Dell's Admr. v. Louisville & Nashville Railroad Company.

(Decided November 2, 1923.)

### Appeal from Logan Circuit Court.

1.  Railroads—Deaf and Dumb Person Killed Held Guilty of Contributory Negligence Defeating Recovery, Unless Under Humanitarian Doctrine.—A deaf and dumb person killed while walking

on a railroad track toward an approaching train, which he could have seen had he but looked ahead of him, was guilty of contributory negligence, and the company was not liable for his death, unless, after discovering his presence upon the track and that he did not intend to get out of the train's way, its employees could have avoided striking him with the means at their command.

2.  Railroads—Negligence Under Humanitarian Doctrine Held for Jury.—In an action for death of one killed while walking on a track toward an approaching train, whether the train operatives were negligent under the last clear chance doctrine held for the jury.

3.  Appeal and Error.—Order Directing Summoning of Bystanders Not Subject to Complaint where Record does Not Show More than Three were Selected or that Plaintiff Objected or Excepted. —No complaint can be made of an order directing the sheriff to summon five bystanders for service as petit jurors, where it does not appear from the record that more than three of them were selected for the purpose, or that plaintiff ever objected or excepted to the panel as formed, or the jury drawn therefrom, to try his case under Ky. Stats., section 2247.

4.  Appeal and Error—No complaint of Instructions Offered by Appellant.—Appellant cannot complain of instructions offered by him and given to the jury.

5.  Railroads—Care Required of Defective Person.—Where a person deprived of some of his senses goes upon a railroad track, he must make up for a defective sense or senses by being more vigilant in the use of his unimpaired senses.

6.  Railroads—Instruction on Care Required of Deaf and Dumb Person Held Proper.—In an action for death of a partially deaf and dumb person killed while walking on railroad tracks toward an approaching train, the court did not err in instructing that it was his duty to use all the faculties at his command to ascertain the approach of the train, as the jury could not have understood that he was required to do more than use his eyes or what little, if any, hearing he may have had.

7.  Railroads—Instruction on Care as to Deaf and Dumb Person Held Properly Refused as Confusing.—In an action for death of a partially deaf and dumb person on railroad track, the court properly refused as confusing plaintiff's instruction that the defendant owed the same measure of duty to plaintiff's intestate, whether he was old or young, or had good hearing or bad, or good eyes or bad eyes, or was sick, or crippled, or strong, or healthy, defendant's employees not knowing until after the accident that the man they saw on the track had any infirmity.

E. J. FELTS for appellant.

B. D. WARFIELD and S. R. CREWDSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

At about nine o'clock on the morning of March 5, 1920, appellant's intestate, who was twenty-four years of age, while walking on appellee's tracks toward an approaching train, was struck by it and killed, and this action followed, resulting in a verdict for the company and dismissal of the action.

For reversal it is urged that the verdict is flagrantly against the evidence, and that the court erred in the formation of the jury and in the instructions given and refused.

While described by the witnesses as being both deaf and dumb, there is some evidence that deceased could hear very loud noises such as the whistle from a mine or train. His eyesight was good. The accident occurred in broad daylight, and, according to some of the witnesses, the sun was shining, but according to others it was cloudy and spitting snow. The track was straight, and if decedent had but looked ahead of him, he could not have helped seeing the approaching train, and easily could have avoided the accident by simply stepping off of the track and out of the way of the train. He was, therefore, guilty of contributory negligence and the company was not liable for his death unless, after discovering his presence upon the track and that he did not intend to get out of the train's way, its employes in charge of the train could have avoided striking him with the means at their command.

Both the engineer and fireman saw decedent walking toward them on the track, and both testified that as soon as they realized that he was not going to get off of the track in time to avoid being injured, the whistle was blown, the emergency brakes applied, and the train brought to a stop as quickly as could be done, but not until after it had struck and killed decedent.

In contradiction of this evidence is the testimony of a single witness to the accident other than the engineer and fireman, who testified that no alarm was given, or any effort made to stop the train until after the decedent was struck. Others, near enough to hear, testified no signals were given, and it is argued that the distance decedent was hurled, and the distance the train ran after striking him before coming to a stop is also contradictory of the testimony of the engineer and fireman, and corroborative

of the testimony of the other eye-witness as to when the whistle was sounded and the brakes applied.

But even giving to it such force, it was yet for the jury to say, upon contradictory and nearly evenly balanced evidence, whether or not the train operatives were negligent under the last clear chance doctrine, under which alone plaintiff, at best, made out a case for the jury.

We are, therefore, clearly of the opinion that the verdict is not flagrantly against the evidence.

With respect to the complaint about the formation of the jury, it does not appear from the record originally filed herein that appellant ever objected or excepted to the panel drawn to try the case, or to the jury selected therefrom. Nor can we assume that appellant was the unnamed plaintiff who appears to have excepted but did not object to an order directing the sheriff to summon five bystanders as petit jurors, which appears without caption in ''Commonwealth's Order Book No. 8,'' and which appellant has had copied and filed here as a supplemental record, there being nothing in the record, even as supplemented, to connect appellant or his case with this order. But even if we might assume that plaintiff excepted to an order directing the sheriff to summon five bystanders for service as petit jurors in this case, it still does not appear that more than three of them were selected for the purpose, or that plaintiff ever objected or excepted to the panel as formed, or the jury drawn therefrom to try his case.

It therefore does not appear either that the jury was formed in violation of section 2247, Kentucky Statutes, which permits three bystanders to be called to complete a panel, or that appellant objected or excepted to the panel as formed, or the jury selected therefrom. Hence this contention must be overruled.

3. Appellant offered eight instructions, and the court gave all of them except No. 8. Appellee offered seven, and the court gave five of these. Appellant cannot, of course, complain of the seven instructions offered by him and given to the jury, but he does complain of the court's refusal to give instruction No. 8 offered by him, and to the giving of instructions ''A,'' ''B,'' ''C,'' ''D'' and ''E'' offered by appellee.

Except in one respect, we are unable to discover any substantial difference between the two sets of instructions that were offered by the parties and given by the

court. That difference is, that in instruction "B" offered by appellee, the usual definition of "ordinary care" is followed by this sentence:

"The court instructs the jury that it was the duty of the decedent on the occasion in controversy to use all the faculties at his command to ascertain the approach of defendant's train, and if he failed to do so, and as a result thereof was struck and killed, then you shall find for defendant."

The doctrine is thoroughly established in this state that when a person deprived of some of his senses goes upon a railroad track, he must make up for a defective sense by being more vigilant in the use of his unimpaired senses. Smith v. C., N. O. & T. P. Ry. Co., 146 Ky. 568, 142 S. W. 1047, 41 L. R. A. (N. S.) 193; L. & N. R. Co. v. McCombs, 21 Ky. L. R. 1232; Nichol's Admr. v. L. & N. R. Co., 9 Ky. L. R. 702.

This is the generally accepted rule, and is thus stated in 22 R. C. L. 975:

"With regard to the effect of the physical disability of a person injured while on or near a railroad track upon the question of contributory negligence the generally accepted view seems to be that a defect of sight or hearing does not relieve a person thus afflicted, who goes into or on a dangerous place where sight and hearing are ordinarily required, from the duty of exercising the reasonable care that would be exercised in the same situation by an ordinarily prudent person in possession of all his senses and that in order to exercise such reasonable care it is necessary that a person thus afflicted shall take more or greater precautions to avoid injury than it would be necessary for a normal person to take."

The jury could not have understood from this instruction that decedent was required to do more than use his eyes as well as what little, if any, hearing he may have had to ascertain the approach of the train, since, in his condition, these were the only faculties he had available for such purpose. The position in which he had placed himself was of such peculiar peril for one in his condition, that the use of less than all of his available faculties would unquestionably be less than ordinary care on his part, and it was not error to so inform the jury.

The instruction possibly would have been in better form if it had simply informed the jury of decedent's duty to use such care as an ordinarily prudent person,

afflicted as he was, would have exercised in like circumstances. But be that as it may, the instruction given placed upon decedent no greater burden than the law imposes, and its form could not have prejudiced his substantial rights.

Instruction No. 8 offered by appellant and refused reads:

"The court instructs the jury that the defendant railroad company owed the same measure of duty to plaintiff's intestate, J. Ashel O'Dell, whether he be old or young, or have good hearing or bad, or good eyes or bad eyes, or be sick, or crippled, or strong, or healthy."

While this is possibly a correct statement of law, since the company's employes did not know, at least until after the accident, that the man they saw walking toward them on the track had any infirmities, it could have served no purpose in the case except possibly to confuse the jury as to decedent's duty because of his own knowledge of his infirmities, and the court did not err in refusing to give it

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.