## Louisville & Nashville Railroad Company v. Clemmons' Administrator.

(Decided March 15, 1927.)

Appeal from Breathitt Circuit Court.

1. Railroads—Whether Engineer Used Ordinary Care to Avoid Injuring Trespasser After Discovering Perial Held for Jury.— In action against railroad for death of trespasser, whether engineer used ordinary care in exercise of all reasonable means at his command consistent with safety to avoid injuring deceased after discovering his peril held for jury, where brakes were applied more than 100 yards away, but no whistle or other warning was sounded.

2. Railroads—Trespasser's Contributory Negligence in Watching Another Train Held Immaterial on Issue of Discovered Peril.— In action against railroad for death of trespasser walking on track, whether deceased was contributorily negligent in watching another train held immaterial where only issue was as to care exercised after engineer discovered deceased's peril.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN, HUNT, NORTHCUTT & BUSH and O. H. POLLARD for appellant.

W. L. KASH for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

In a suit for negligence causing the death of his intestate, the administrator of the estate of Sherman Clemmons recovered judgment against the Louisville & Nashville Railroad Company for the sum of $2,500.00. On this appeal several grounds are assigned for reversal, but the only one seriously argued or that merits consideration is the alleged error of the lower court in failing to direct the jury to find a verdict for defendant.

The accident occurred on Sunday morning, December 10, 1922. Deceased, a young man eighteen years of

age, and his brother, Jackie, were section hands. On this morning, they, together with the section foreman, were rabbit hunting. Sherman started home upon the railroad, which at this point is double tracked and lies upon a right curve, though north of this curve the track is straight. He walked north upon the west track of the railroad. A freight train was passing going in the same direction upon the eastern track and his attention was attracted by it, and, as he reached a point about the center of the curve, he was run upon and knocked to the west side of the tracks and instantly killed by a heavy south-bound passenger train. The engineer of that train testified for plaintiff, stating that the train consisted of eight or nine coaches, was running at the rate of forty or forty-five miles an hour; that he was keeping a lookout on the track, which at this point lay in a cut; that he saw the boy as soon as he came in sight around the curve, he does not think this was over 100 yards distant, though he had not measured the distance; he realized that the boy did not see the train and that it would be impossible to prevent hitting him, considering the speed of the train and the distance he was from it; that he immediately shut off the steam and applied the air brakes and emergency, and this is all that could have been done to stop the train. The engine was equipped with a whistle, but he did not sound this or give any warning signal, as he did not have time to do this and also put the train in emergency, and thought a signal unavailing.

Jackie Clemmons testified as to a test he had made by standing on the track at the place of the accident and observing the approach of a south-bound train from around the curve, and counting the rails from where he stood to the farthest point at which the engineer in the cab was plainly visible to him; this was nineteen rail lengths or 627 feet. No evidence was introduced by defendant.

Admittedly decedent was a trespasser and when first discovered by the engineer was watching the passing train and unaware of the approaching one. The engineer knew he could not stop the train in time to avoid striking him. If, instead of trying to do this he had immediately sounded the whistle, a matter requiring but a short interval, the sound would have reached deceased almost instantaneously. A young, active man could spring from the center of the track to a place of safety in less than a second; walking at the rate of three miles an hour he

could have stepped from the track in less than two seconds. It would require an interval of time for him after hearing the signal to appreciate the danger and to act, but it cannot be said as a matter of law that all of this could not have been done in five seconds, the time the train would have covered the intervening distance of 100 yards, as estimated by the engineer, at the rate it was travelling, even without slackening its speed. It will not be overlooked that the engineer estimated the distance as it appeared to him from the moving train, and further states that he discovered deceased as soon as the point upon which he was standing came into view, and that Jackie Clemmons testified that his test shows a person standing at the point of the accident can see the engineer in the cab of an approaching train over six hundred feet away. Making due allowance for the difference in observation between one in a cab of a moving train and a person standing still upon the track, this evidence is still entitled to some weight, and if true established the fact that the intervening distance was considerably over 100 yards, thus allowing more time for precautionary signals, slackening the speed of the train and for action upon the part of deceased, hence it cannot be said as a matter of law that the engineer used ordinary care in the exercise of all reasonable means at his command, consistent with the safety of the train, to avoid injuring decedent after his peril was discovered. C. N. O. & T. P. Ry. Co. v. Jones' Admr., 166 Ky. 817, and cases there cited. It is argued, however, that the decedent was guilty of such contributory negligence in watching the freight train as to bar him from recovery. We see no force in this contention. The only issue is as to the care exercised by the parties after his peril was discovered. C. N. O. & T. P. Ry. Co. v. Blankenship, 157 Ky. 702.

Appellant insists that we held otherwise in Davis v. Crawford's Admx., 203 Ky. 71. In that case the decedent, a trespasser, was lying on the track. It was dusk and he was not discovered until the engine was within 114 feet of him. The train was running on a down grade at the rate of 25 miles per hour. The emergency brake was applied but no signals were given. The court said: ''According to the uncontradicted testimony as to the distance from the train to the trespasser, when his peril was discovered and the rate at which the train was travelling, no warning that could have been given at that time could have served to have aroused the trespasser to a

realization of his danger in time for him to clear the track and remove himself from his position of danger.''

Under the facts in that case the conclusion was sound, but it does not apply to those presented in this case. A number of other cases are cited, but in none of them are the facts similar to those in this case and a reference to them is not deemed necessary.

On the whole case, seeing no error to the substantial rights of appellant, the judgment is affirmed.