## McKinney's Administratrix v. Cincinnati, N. O. & T. P. R. R. Company et al.

(Decided January 26, 1932.)

168

FOWLER, WALLACE & FOWLER for appellant.

K. S. ALCORN and GALVIN & TRACY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Mitchell B. McKinney's son was of unsound mind and of a violent disposition. He strayed from the home of his father, who resided in Waynesburg, a small village in Lincoln county, on the Cincinnati, New Orleans & Texas Pacific Railroad. While in pursuit of his son, and endeavoring to rescue and return him to his home, Mitchell B. McKinney was killed by a south-bound freight train of the Cincinnati, New Orleans & Texas Pacific Railroad Company, at about 8:30 a. m. on October 18, 1928. L. W. Camden was the engineer, and L. E. Chapman fireman, on the engine at the time. The accident happened in the presence of a number of persons. When he located his son, he (the son) was going north on the track of the railroad. The deceased, on overtaking him, took hold of him and began forcibly to lead him south, toward his residence. The young man was large, weighing about 190 or 200 pounds, and was a giant in strength. After the father took hold, and as he endeavored to force him toward his home, the son would catch his foot under the rail so as to resist his efforts, and in so doing would cling to the track. Carl McKinney, another son of the deceased, a Mr. Lanigan, and Camden, the engineer in charge of the train, were the only eyewitnesses to the killing. Carl McKinney states that his father and brother were about 150 yards, and Lanigan says 25 yards, in front of the train at the time the deceased and his son went on the track. The engineer claims they "jumped up in front of the engine."

On the trial before a jury, a verdict was returned for the railroad company and Camden, the court having given a peremptory in favor of the fireman, Chapman. The appellant appeals.

It is insisted that the instructions present a fatal error, entitling appellant to a reversal, and that the court erred in refusing the offered instructions.

It is argued that four distinct lines of cases are applicable in an action for the death of a trespasser on railroad track: (a) Where the trespasser is not observed and those in charge of the train are unaware of his danger. To this class appellant assigns Louisville & N. R. R. Co. v. Taylor's Adm'r, 169 Ky. 436, 184 S. W. 371; Louisville & N. R. R. Co. v. Weiser's Adm'r, 164 Ky. 28, 174 S. W. 734; Reynolds' Adm'r. v. C., N. O. & T. P. Ry. Co., 148 Ky. 252, 146 S. W. 416. (b) Where the trespasser is discovered traveling by the side of the track in a position of safety, when he suddenly changes his course and comes immediately in front of the moving train. The appellant cites as this line of cases Louisville & N. R. R. Co. v. Trower's Adm'r, 131 Ky. 589, 115 S. W. 719, 20 L. R. A. (N. S.) 380; Louisville & N. R. R. Co. v. Fentress' Adm'r, 166 Ky. 477, 179 S. W. 419, and others. (c) Where the trespasser is traveling on the track of the railroad and unaware of the approach of the train, and is injured or killed. As an example of this line, she cites Murray v. Southern Ry. Co., 140 Ky. 453, 131 S. W. 183; Watson's Adm'r v. C. & O. R. R. Co., 170 Ky. 258, 185 S. W. 852. (d) Where those in charge of the train discover the presence of a trespasser on the track at such a distance as will enable him to avoid an injury by sounding an alarm, lessening the speed, and if necessary stopping the train before a collision, especially where the circumstances surrounding the party indicates his confusion or trouble or unconsciousness of the approaching danger. It is urged that this case is plainly within this last class. To sustain this insistence she cites Johnson's Adm'r v. L. & N. R. R. Co., 91 Ky. 651, 25 S. W. 754; Louisville & N. R. R. Co. v. Hunt's Adm'r, 142 Ky. 778, 135 S. W. 288, 290; Murray v. Southern Ry. Co., 140 Ky. 453, 131 S. W. 183; Reynolds' Adm'r v. C., N. O. & T. P. Ry. Co., 148 Ky. 255, 146 S. W. 416, and many others.

It is especially urged that the principles stated and the instructions outlined in Reynolds' Adm'r v. C., N. O.

& T. P. Ry. Co., 148 Ky. 255, 146 S. W. 416, and Louisville & N. R. R. Co. v. Hunt's Adm'r, supra, and Murray v. Sou. R. R. Co., supra, are particularly applicable to, and should control, the present case. In the Reynolds' case the deceased sat down on the end of a tie on the west side of the track, resting against the west rail of the track. A short time later, a north-bound freight train struck him while in this position and killed him. A motion for a peremptory instruction was sustained, and this act of the trial court was affirmed by this court.

In Louisville & N. R. R. Co. v. Hunt, supra, the deceased was struck by the train which he had been sent out to flag. It was running on time. It was held by this court that the court should have instructed peremptorily the jury to find for defendant. The evidence showed:

> "Hunt suddenly rushed on the track just in front of the train, and too close to it for the engineer to avoid striking him."

In Murray v. Southern Ry. Co., a trespasser who was deaf was seen walking on the railroad track ahead of a push car on which a railroad crew was conveying a load of rails, at a rate of from four to six miles per hour. The court held that the crew was not required to stop the car unless they had reason to believe that the man was unconscious of his danger, but there was no reason to anticipate danger to the deceased until his actions showed he had not heard the signals until it was too late for the crew to stop the car to avoid injuring him. The court peremptorily instructed the jury to find for the railroad company. This was approved by this court.

The prevailing rule applicable in such cases was aptly stated by this court in Louisville & N. R. R. Co. v. Horton, 187 Ky. 617, 219 S. W. 1084, 1087, in this language:

> "The doctrine is well settled in this state that although a person is a mere trespasser upon the track of a railroad, and is guilty of negligence in going or being thereon, and although the servants of the railroad are under no duty of keeping a lookout for him nor of giving him any warning of the approach of a train, nor of moderating its speed, nor of having it under control, nor is the failure to do any of these things negligence as to him, yet, if his

negligence has resulted in putting himself in a place of peril of being killed or seriously injured by the train, and the engineer operating the train discovers the peril in time, by the exercise of ordinary care in the use of the means which he has at hand, consistent with the safety of the persons upon the train, to avoid injuring the trespasser, it is his duty to do so, and if he fails to exercise ordinary care to protect him from harm, and he is injured thereby, the railroad company will be liable for the damages. If ordinary prudence requires the train to be stopped in order to shield the trespasser from death or harm, it is the duty of the engineer to stop the train before coming in contact with the trespasser, if he can do so by the exercise of ordinary care with the means he has to do so. L. & N. Ry. Co. v. Benke's Adm'r, 176 Ky. 259, 263, 195 S. W. 417; L. & N. R. R. Co. v. Davis, 162 Ky. 578, 172 S. W. 966; W. & P. C. Ry. Co. v. Charle's Adm'r, 168 Ky. 42, 181 S. W. 614; Becker v. L. & N. R. R. Co., 110 Ky. 474, 61 S. W. 997, 22 Ky. Law Rep. 1893, 53 L. R. A. 267, 96 Am. St. Rep. 459; L. & N. R. R. Co. v. Bell, 108 S. W. 335, 32 Ky. Law Rep. 1312.''

Under this rule the engineer in charge of the train owed the deceased no duty until his peril was actually discovered by him, though the engineer saw him and his son near or on the track at a point so far distant that he was not in immediate danger. The engineer was not required to take steps to stop the train or to slacken its speed, until the peril of the deceased was discovered in time by the exercise of ordinary care to have avoided injury to him by the use of the means at his command. Louisville & N. R. R. Co. v. Mann's Adm'r, 227 Ky. 399, 13 S. W. (2d) 257.

It is undisputed that the deceased was in a position and was close enough to see the approaching train at the time he turned his back and traveled south after its approach. The evidence is sufficient to establish that he in fact saw it. This conduct on the part of deceased was sufficient to authorize and to justify the conclusion on the part of the engineer that he and his son were conscious of the presence of the train and the resulting danger, and that they were capable of exercising ordinary care for their own safety to avoid injury to themselves.

The brakes were in good condition, and when it became reasonably apparent to the engineer that they were entering upon, or not going to leave, the track he immediately applied the brakes, whether the deceased and his son were 150 yards, 25 yards, or just a few feet in front of the engine at the time they went on the track, and if they went on the track either 25 yards, or immediately, in front of the train, it should be admitted that the engineer was not required to anticipate such action on their part in plain view of the approaching train, with actual knowledge of its oncoming. Louisville & N. R. R. Co. v. Redmon's Adm'x, 122 Ky. 385, 91 S. W. 722, 28 Ky. Law Rep. 1293.

The rate of speed of the train is not disputed, and whether deceased went onto the track in front of the train when it was either distance stated by the witnesses, but few seconds were required for the train to cover the distance to the point where it struck him. It appears that the engineer did not ring the bell, nor blow the whistle. Doubtless if he had occupied his time in ringing the bell or blowing the whistle, instead of using it to apply the brakes as he did, it would be here contended that that act was negligence on his part warranting a recovery. Davis, Director General, v. Crawford's Adm'x, 203 Ky. 71, 261 S. W. 835. Failure to ring the bell or blow the whistle is not negligence in every case. Louisville & N. R. R. Co. v. Clemmons' Adm'r, 218 Ky. 808, 292 S. W. 506. When it is discovered that one on the track is already aware of the presence of the train, and is not going to leave the track, and the distance is too short to stop the train, then the engineer is required only to exercise ordinary care in using the means at his command to avoid injury to such person. Louisville & N. R. R. Co. v. Clemmons' Adm'r, supra. The engineer was not required to exercise the utmost care possible by immediately comprehending the whole situation and losing not a second in the performance of his duty imposed upon him by the sudden emergency.

One going upon a railroad track in front of an approaching train so near that a collision cannot be avoided, even if his presence near the track is known to those in charge of it, cannot recover for injury or death. His sudden appearance in front of the train is the proximate cause of his injury or death. Louisville & N. R. R. Co. v. Cornett's Adm'r, 237 Ky. 131, 35 S. W. (2d) 10.

The evidence authorized the jury to find that the death of deceased resulted from his own actions in going onto the track in front of the approaching train. Kentucky & W. Va. Power Co. v. Riley's Adm'r, 233 Ky. 224, 25 S. W. (2d) 366; Young v. L. & N. R. R. Co., 228 Ky. 772, 15 S. W. (2d) 1001.

The appellant insists that because the son of deceased was of unsound mind and the deceased was at that time engaged in rescuing and returning him to his home, these facts make this case an exception to the general rule.

In Johnson's Adm'r v. L. & N. R. R. Co., 91 Ky. 651, 25 S. W. 754, this court stated that: "In case the person if deaf, or otherwise deficient in his faculties, so as to render him unconscious of the impending danger, the knowledge of such infirmity must be brought home to those in charge of the train before they or the railroad company can be made liable." According to this pronouncement, those in charge of the train had the right to regard and to treat the deceased and his son, in the absence of information to the contrary, as men of ordinary intelligence. Louisville & N. R. R. Co. v. Cooper's Adm'r, 3 Ky. Law Rep. 624; Miller's Adm'r v. I. C. R. R. Co. (Ky.), 118 S. W. 348; Smith's Adm'r v. C., N. O. & T. P. R. R. Co., 146 Ky. 568, 142 S. W. 1047, 41 L. R. A. (N. S.) 193.

There is nothing in the record to show that those in charge of the train had any information or knowledge of the mental condition of the son of deceased, nor of the fact that deceased was endeavoring to control his son on account thereof. The mental condition of deceased's son being unknown to those in charge of the train did not alter or change their duty nor make this case an exception to the general rule. Chesapeake & O. R. R. Co. v. Price's Adm'r, 179 Ky. 532, 200 S. W. 927; Givens v. L. & N. R. R. Co., 72 S. W. 320, 24 Ky. Law Rep. 1796; Thompson's Adm'r v. I. C. R. R. Co., 154 Ky. 820, 159 S. W. 587; Nichols v. L. & N. R. R. Co., 6 S. W. 339, 9 Ky. Law Rep. 702; Louisville & N. R. R. Co. v. Thompson, 14 Ky. Law Rep. 815; Nashville, C. & St. L. Ry. Co. v. Downing's Adm'r, 149 Ky. 731, 149 S. W. 1017; Louisville & N. R. R. Co. v. Perry's Adm'r, 173 Ky. 213, 190 S. W. 1064, 1066; Illionis C. R. R. Co. v. Holland's Adm'r, 147 Ky. 699, 145 S. W. 389; O'Dell's Adm'r v. L. & N. R. R. Co., 200 Ky. 745, 255 S. W. 550.

The engineer was under the same measure of duty to save the deceased, if he could do so by the exercise of ordinary care, with the means at his command, whether the deceased and his son were "old or young, or had good hearing or bad, or good eyes or bad eyes, or be sick or crippled, or strong and healthy." Louisville & N. R. R. Co. v. Perry's Adm'r, supra; Smith's Adm'r v. C., N. O. & T. P. Ry. Co., 146 Ky. 568, 142 S. W. 1047, 41 L. R. A. (N. S.) 193.

There is no merit in the criticism of the given instructions. Instruction No. 1 is substantially the same in all respects as instruction No. 1 which was given by the court in Hines v. Taylor's Adm'r, 192 Ky. 298, 233 S. W. 716. Instructions Nos. 1 and 2 were copied from Johnson's Adm'r v. L. & N. R. R. Co., supra. Instruction No. 3 was authorized by the evidence of the engineer and is not susceptible to the criticism that it particularizes and singles out certain evidence. The rule in modern decisions is to give instructions in as specific and concrete form as possible. Louisville & N. R R. Co. v. King's Adm'r, 131 Ky. 347, 115 S. W. 196; Louisville & N. R. R. Co. v. McCoy, 177 Ky. 420, 197 S. W. 801; Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 739, 224 S. W. 179; Shafer v. C. & O. R. R. Co., 228 Ky. 219, 14 S. W. (2d) 780. This instruction presented the theory of appellee's defense and was authorized by both the pleadings and the evidence and was properly given to the jury. Instruction No. 6 is substantially the same as No. 1 directed to be given in Chesapeake & O. R. R. Co. v. Montjoy's Adm'r, 148 Ky. 279, 146 S. W. 371, and in Hines v. Taylor's Adm'r, supra, and Chesapeake & O. R. R. Co. v. Lang's Adm'x, 135 Ky. 76, 121 S. W. 993; Rader's Adm'x v. L. & N. R. R. Co., 126 Ky. 722, 104 S. W. 774, 31 Ky. Law Rep. 1105. Instruction No. 6 is criticized for its use of the phrase "such precautions to avoid injury to him as might be reasonably expected of a man of ordinary prudence."

The word "precaution," as used in instruction No. 6, commonly means, and was necessarily understood by the jury to mean, "previous caution or care," "caution previously employed," "a measure taken beforehand to ward off danger." Webster's New International Dictionary. Its use did not tend to mislead the jury and was not prejudicial to the substantial rights of the appellant. Louisville & N. R. R. Co. v. Coleman's Adm'r, 9 Ky. Law

Rep. 242. The offered instructions were properly refused. The material difference between those offered and those given, is the offered instructions required the engineer to use the means at his command including "the ringing of the bell and sounding of the whistle." The engineer was only required to use such one or more or all of the means at his command that an ordinarily prudent person might be expected to use under like or similar circumstances, to avoid injury to the deceased and his son.

Upon the whole case we are convinced that appellant had a fair and impartial trial, under proper instructions.

Judgment affirmed.